David R. Paoli
**PAOLI, LATINO & KUTZMAN, P.C.**
257 West Front Street
P.O. Box 8131
Missoula, MT 59802

Stephen D. Ochs, M.D., J.D.
805 South Reserve St.
Missoula, MT 59804

*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA, BILLINGS DIVISION

| | |
|---|---|
| DENICE D. FABRIZIUS and WILLIAM FABRIZIUS,<br><br>Plaintiffs,<br><br>vs.<br><br>KEITH R. SHULTZ, M.D., YELLOWSTONE SURGERY CENTER, DOES 1 through X, and ROE CORPORATIONS I though X, inclusive,<br><br>Defendants. | Cause No.: 08-114-BLG-RFC<br>Chief Judge Richard F. Cebull<br><br><br><br>**PLAINTIFFS' MOTION & BRIEF IN SUPPORT FOR LEAVE TO FILE AMENDED COMPLAINT** |

## MOTION

Plaintiffs, by and through their counsel of record, move the Court for leave to file an Amended Complaint in the above-captioned matter. The principal purpose of the Amended Complaint is to add a claim for punitive damages regarding Dr. Shultz's and Yellowstone Surgery Center's ("YSC") conduct regarding the altering and changing of Denice's medical records.

This motion is being filed in compliance with the May 18, 2009 deadline to amend pleadings as set forth in the Court's Scheduling Order of February 3, 2009 and pursuant to Rule 15(a), Fed. R. Civ. P. [A copy of Plaintiffs' Amended Complaint is attached to this motion and brief as Exhibit A] Counsel for both Defendants have been contacted regarding this motion. Counsel for YSC does not object and counsel for Dr. Shultz objects to this motion to amend.

## BRIEF IN SUPPORT OF MOTION

Pursuant to Rule 15(a) Fed. R. Civ. P. and this Court's Scheduling Order dated February 3, 2009, the Plaintiffs have moved this Court for its order allowing Plaintiffs to amend their complaint to allege a claim for punitive damages against both Dr. Shultz and YSC. YSC does not object to the making of this motion.

Denice Fabrizius was seen by Dr. Shultz at YSC on November 10, 2004. She was referred to Dr. Shultz by Dr. Copeland for an epidural cervical epidural steriod injection. Dr. Shultz negligently performed the injection on Denice on November 10, 2004. Immediately after Dr. Shultz placed the needle for the epidural cervical block, Denice jumped and verbalized to Dr. Shultz her sensation of an instantaneous burning sensation and excruciating pain radiating down her entire left arm and

hand. Dr. Shultz proceeded to inject the dye and medication without repositioning the needle and waiting for complete resolution of her pain and paresthesias. Dr. Shultz later examined Denice while she was still recovering and discharged her although she was still experiencing severe pain. Dr. Shultz failed to properly evaluate Denice prior to the procedure. He failed to properly perform the injection and failed to recognize his malposition of the needle placement. He failed to reposition the needle after Denice told him of her intense radiating left arm pain. He then continued to inject Denice after her complaints of pain. Dr. Shultz directly and proximately caused and contributed to Denice's post procedure neurological injury, permanent disability and damages.

Following the November 10, 2004 injection, Dr. Shultz dictated his procedural activity as well as his findings from the performance of the injection. The critical portion of Dr. Shultz's dictated and transcribed notes reveal that he materially altered and changed the notes to provide a different meaning regarding what happened during the injection. [Attached as Exhibit B are Bates numbered pages 61-63 of Denice's records] The Court can see at page 62 of Dr. Shultz's records, he marks out and writes over material information regarding the actual injection and Denice's condition at the time of injection. Dr. Shultz's original dictation indicates that

the "parasthesia seems to improve after subsequent negative aspiration . . ." What Dr. Shultz then changes by his line out and overwrite is that the "parasthesia improved . . . subsequent negative aspiration was done and 40 mg of Kenalog followed by . . ." A critical part of this case rests on whether the parasthesia Denice was experiencing prior to the injection had actually <u>improved</u>, <u>seemed to improve</u> or was the same as Denice had initially complained to Dr. Shultz. Denice has testified that it did not improve. Dr. Shultz's line out and overwrite attempts, feebly, to change the circumstances and the events that occurred at the most critical point of the injection.

Also, it appears Dr. Shultz sent another version of the 11/10/04 injection notes. [Attached as Exhibit C is Deposition Exhibit 13, pp 10-12] These notes are from Dr. Copeland's chart presumably sent from Dr. Shultz and YSC. These notes have also been altered and changed at the critical description of the procedure. Bates number page 11 reveals the word "of" is crossed out. Dr. Shultz denies this obliteration to the note. [Dr. Shultz depo at p. 220 attached as Exhibit D: "It could be. But I did not do that."]

In *Moskovitz v. MT. Sinai Medical Center et. al.*, 635 N.E. 2d 331 (Ohio 1994), the Ohio Supreme Court dealt with the issue of altered,

changed or obliterated medical records in the context of a claim for punitive damages:

> An intentional alteration, falsification or destruction of medical records by a doctor, to avoid liability for his or her medical negligence, is sufficient to show actual malice, and punitive damages may be awarded whether or not the act of altering, falsifying or destroying records directly causes compensable harm. *Moskovitz v. MT Sinai Medical Center et. al.* 635 N.E. 2d 344

Here, Dr. Shultz materially changed the medical chart on the critical issues of this case: whether the paresthesia improved or no longer existed at the time of the injection. These medical records are not Dr. Shultz's to change and alter at his whim. These records are Denice Fabrizius' medical history. The conduct in changing and altering these records on such critical issues amounts to malice and fraud as contemplated by §27-1-221, M.C.A. As such, the Plaintiff's should be allowed to amend their complaint to allege a claim for punitive damages.

## CONCLUSION

YSC does not object to this motion to amend. Dr. Shultz' conduct subjects him to a punitive claim as well. Plaintiffs respectfully request the Court to allow this amendment to the complaint against Dr. Shultz as well as YSC, which has stipulated to the amendment.

DATED this 18th day of May, 2009.

                 <u>/s/ David R. Paoli</u>
                    *Attorney for Plaintiffs*