David R. Paoli
**PAOLI, LATINO & KUTZMAN, P.C.**
257 West Front Street
P.O. Box 8131
Missoula, MT 59802

Stephen D. Ochs, M.D., J.D.
805 South Reserve St.
Missoula, MT 59804

*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA, BILLINGS DIVISION

| | |
|---|---|
| DENICE D. FABRIZIUS and WILLIAM FABRIZIUS,<br><br>Plaintiffs,<br><br>vs.<br><br>KEITH R. SHULTZ, M.D., YELLOWSTONE SURGERY CENTER, DOES 1 through X, and ROE CORPORATIONS I though X, inclusive,<br><br>Defendants. | Cause No.: 08-114-BLG-RFC<br>Honorable Richard F. Cebull<br><br><br>**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW Plaintiffs, Denice D. and William Fabrizius (hereafter "Denice Fabrizius" and "Bill Fabrizius"), for their Second Amended Complaint against the Defendants and allege as follows:

1. Plaintiff, DENICE FABRIZIUS, is and was at all times herein mentioned, an individual residing in the State of Wyoming.

2. Plaintiff, BILL FABRIZIUS, is and was at all times herein mentioned, an individual residing in the State of Wyoming.

3. That at all times mentioned herein, Plaintiffs were informed and believed and, therefore, allege that Defendant KEITH R. SHULTZ, M.D. was a resident and licensed physician in Yellowstone County of Montana.

4. That at all times mentioned herein, Plaintiffs were informed and believed and, therefore, allege that Defendant YELLOWSTONE SURGERY CENTER, was a licensed corporation and healthcare facility in Yellowstone County of Montana.

5. That at all times mentioned herein, whether individual, corporate, associate or otherwise Defendants, Does 1 – X and Roes Corporations 1 – X are unknown to Plaintiffs, who therefore sue said Defendant by such fictitious names and will ask to amend this Complaint to show their true names and capacities when the same have been ascertained.  Plaintiffs are informed and believe and, therefore, allege that the Defendant designated as a DOE or ROE is negligently and/or legally responsible in some manner for the events described herein, and negligently and/or legally caused injury and damages to the Plaintiffs as alleged herein.

6. On November 10, 2004, Denise Fabrizius was seen and treated by Keith R. Shultz, M.D. at the Yellowstone Surgery Center located in Billings, Montana.

7. That same day, Dr. Shultz elected to perform a C6-7 cervical epidural steroid block on Denice for the treatment of and relief for neck pain with the diagnosis of cervical spondylosis.

8. Wherein Dr. Shultz placed the epidural needle for the cervical epidural block, Denice "jumped" and verbalized to Dr. Shultz her sensation of instantaneous and excruciating pain radiating down her entire left arm and hand.

9. Dr. Shultz, without first repositioning the epidural needle placement and waiting for complete resolution of her left arm pain, proceeded to inject a combination of radio-opaque dye, local anesthetic and steroid medication.

10. Within minutes, Denice was returned to the post-procedure recovery and observation unit of the Yellowstone Surgery Center where she advised the nursing staff of her intense left arm and hand pain.

11. Dr. Shultz later examined Denice while she was still recovering in the unit and discharged her back to her home in Pavilion, Wyoming.

12. Denise drove back to Billings, Montana the next day, November 11, 2004, for urgent evaluation in the Emergency Department at Saint Vincent Healthcare for Denice's complaints of persisting, increasing and intense pain of her left arm and hand.

13. Subsequent to performing the epidural block, Dr. Shultz completed a medical narrative detailing the procedure. Later, Dr. Shultz fraudulently altered and changed this narrative to conceal the material fact of Denice's increasing and continuing complaints of pain and paresthesia during the epidural procedure to reflect an improved status.

14. Yellowstone Surgery Center was responsible for all transcription of medical chart notes as well as the preservation and safekeeping of those patient records, including Denice's November 10, 2004 note authored by Dr. Shultz.

15. Dr. Shultz has not seen nor treated Denice for her continuing and incapacitating left and, later, right arm pain.

16. On November 27, 2004, Denice was examined and treated by Mary Neal, M.D. in Riverton, Wyoming for her complaint of intense left arm pain, hypersensitivity and weakness.

17. At that time Dr. Neal diagnosed Denice's pain as severe RSD (Reflex Sympathetic Dystrophy).

18. Denice was later examined and treated by Alan Brewer, M.D., a pain specialist at the University of Colorado in Denver in January of 2008.

19. Dr. Brewer diagnosed Type II CRPS (Complex Regional Pain Syndrome) or a subset of RSD.

## FIRST CAUSE OF ACTION

20. The Plaintiffs hereby incorporate the foregoing allegations herein as though said paragraphs were fully set forth in full herein.

21. Dr. Shultz failed to properly evaluate Denice prior to recommending and performing the cervical epidural steroid block.

22. Dr. Shultz failed to properly perform the cervical epidural block.

23. Dr. Shultz failed to recognize the mal-position of the epidural needle placement and failed to reposition the needle after being told by Denice that she had intense radiating left arm pain.

24. Dr. Shultz proceeded to inject Denice Fabrizius in spite of her complaints of continued left arm pain at the time of the epidural block.

25. By reason of these failures, Dr. Shultz directly and proximately caused and contributed by his negligence to Denice's post-procedure neurological injury, permanent disability and damages.

## SECOND CAUSE OF ACTION

26. The Plaintiffs hereby incorporate the foregoing allegations herein as though said paragraphs were fully set forth in full herein.

27. Yellowstone Surgery Center, operating a state licensed healthcare facility in the State of Montana, failed to properly monitor and assure the clinical competence of Dr. Shultz, an anesthesiologist, shareholder and healthcare provider.

28. Yellowstone Surgery Center Failed to maintain accurate, timely and complete medical records concerning the medical care provided by Dr. Shultz to Denice.

29. By reason of these failures, Yellowstone Surgery Center caused and contributed through its negligence to Denice's post-procedure neurological injury, permanent disability and damages.

## THIRD CAUSE OF ACTION

30. The Plaintiffs hereby incorporate the foregoing allegations herein as though said paragraphs were fully set forth in full herein.

31. The injury to Denice occurred without any fault of her own.

32. The instrumentality of the injury to Denice was under the exclusive control of Dr. Shultz at the time Denice was injured.

33. Denice's injury is one that does not occur in the ordinary course of things and would not have occurred if Dr. Shultz had used proper care.

## FOURTH CAUSE OF ACTION

34. The Plaintiffs hereby incorporate the foregoing allegations herein as though said paragraphs were fully set forth in full herein.

35. That as a direct and proximate result of Defendants' negligence, Bill Fabrizius has suffered the loss of consortium, society and comfort of Denice in amounts all to be proven at trial.

## FIFTH CAUSE OF ACTION

36. The Plaintiffs hereby incorporate the foregoing allegations herein as though said paragraphs were fully set forth in full herein.

37. Dr. Shultz's conduct in altering and changing Denice's medical records amount to actual malice and fraud as defined in § 27-1-221, M.C.A.

38. Dr. Shultz had knowledge of facts and intentionally disregarded facts that created a high probability of injury to the plaintiff. Dr. Shultz deliberately acted with conscious and intentional disregard as well as indifference of the probability of injury to Denice. Dr. Shultz represented certain facts that occurred with knowledge of their falsity and concealed material facts for the purpose of depriving Denice of her legal rights.

39. Dr. Shultz altered and changed Denice's medical records with the purpose of changing the record of facts as they actually unfolded during the epidural procedure to reflect a version of fact more beneficial to him personally.

40. Dr. Shultz' actual fraud creates a claim separate and distinct from Plaintiffs' negligence claims.

41. Dr. Shultz' actual malice and fraud subjects him to a claim for punitive damages.

## PRAYER

WHEREFORE, the Plaintiffs pray for judgment against the Defendants and each of them, as follows:

a. For compensatory, economic, non-economic, loss of consortium, permanent physical impairment, life care expenses and disfigurement damages, all in an amount according to proof;

b. For punitive damages against Dr. Shultz;

c. For post-judgment interest at the maximum legal rate;

d. For fees and costs of suit herein; and

e. For such other and further relief as this Court deems just and proper.

## JURY DEMAND

COME NOW the Plaintiffs and demand a trial by jury.

DATED this 7th day of October, 2009.

/s/ David R. Paoli
David R. Paoli
*Attorneys for Plaintiff*
Paoli, Latino & Kutzman, P.C.