John J. Russell
Lisa A. Speare
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Telephone (406) 248-2611
Facsimile (406) 248-3128
*Attorneys for Defendant Keith R. Shultz, M.D.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA,
BILLINGS DIVISION

| | | |
|---|---|---|
| DENISE FABRIZIUS and<br>WILLIAM FABRIZIUS,<br><br>        Plaintiffs,<br><br>v.<br><br>KEITH R. SHULTZ, M.D.,<br>YELLOWSTONE SURGERY CENTER,<br>DOES 1 through X, and DOES 1 through<br>X, inclusive,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Cause No. 08-114-BLG-RFC<br><br><br>**DEFENDANT KEITH R.<br>SHULTZ, M.D.'s MOTION<br>FOR PARTIAL SUMMARY<br>JUDGMENT AND BRIEF<br>IN SUPPORT** |

Defendant, Keith R. Shultz, MD, (Dr. Shultz), through his counsel, hereby moves this Court for an Order granting Defendant, Dr. Shultz partial summary judgment pursuant to Rule 56, Fed.R.Civ.P. Specifically, Dr. Shultz seeks

1

judgment in his favor on Plaintiffs' claims for punitive damages and Plaintiffs' claim that res ipsa loquitur applies in this medical negligence case. There is no genuine issue as to any material fact on either of the two claims entitling Dr. Shultz to judgment as a matter of law. Pursuant to L.R. 7.1 (c)(1), counsel for Dr. Shultz has contacted Plaintiffs' counsel and this motion is opposed. A Statement of Undisputed Facts, as required by L.R. 56.1(a), is filed contemporaneously with this Motion and Brief in Support of Dr. Shultz's Motion for Partial Summary Judgment.

## **BRIEF IN SUPPORT**

Plaintiffs' claim for punitive damage based on allegations that Dr. Shultz maliciously altered the medical record to evade liability should be dismissed for three separate and distinct reasons: 1) undisputed facts reveal the alleged alteration did not cause damages; 2) undisputed facts reveal the claim of actual malice or fraud is barred by the statute of limitations because it does not relate back to the original Complaint; and 3) the claim for punitive damages based on the alleged alteration of the record should be dismissed because the conduct at issue was never brought before the Montana Medical Legal Panel as required by Montana law. Plaintiffs' third cause of action which involves the theory of res ipsa loquitur should be dismissed because this case does not involve a foreign body left in a patient.

I. Standard of Review

A party is entitled to summary judgment upon a showing "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Nielsen v. TIG Ins. Co.* (D. Mont. 2006), 442 F.Supp.2d 972, 975 (quoting Rule 56(c), Fed.R.Civ.P.).

II. Applicable Law

State substantive law and federal procedural law apply to this case which is in federal court based on diversity jurisdiction. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938).

III. Factual Background

Pursuant to L. R. 56.1(a), Defendant has contemporaneously filed a Statement of Undisputed Facts which is incorporated herein by reference and set out in part below.

Plaintiffs filed the instant lawsuit alleging professional negligence against Keith Shultz, M.D., a Board Certified anesthesiologist. DSSUF, ¶¶ 1, 3. The original Complaint was based solely upon his care of Plaintiff, Denice D. Fabrizius, on November, 10, 2004, when he performed a cervical epidural steroid injection on Ms. Fabrizius. DSSUF, ¶ 3.

On November 6, 2007, prior to filing the Complaint and four days before the

three year statute of limitations expired, Plaintiffs filed a Montana Medical Legal Panel [MMLP] claim as required by Montana law.  The MMLP claim was based solely upon the November 10, 2004 procedure and not upon any alleged, subsequent alteration of the medical record.  DSSUF, ¶ 4.  The Panel rendered its Decision on February 19, 2008.  DSSUF, ¶ 5.

Dr. Shultz dictated his procedure note on Ms. Fabrizius on November, 10, 2004, the date of the procedure.  DSSUF, ¶ 6  As usual, his dictation was then transcribed.  DSSUF, ¶ 6.  Page two of the preliminary typed dictation stated: "Subsequent to the epidurogram, no evidence of CSF and paresthesia seems to improve.  After subsequent negative aspiration of 40 milligrams of Kenalog followed by 0.25% of Marcaine 1 cc was injected without difficulty."  DSSUF, ¶ 7.

Upon review of the preliminary document, one to two weeks after the procedure note was dictated, Dr. Shultz made changes before he signed it and it became the final medical record of the epidural injection.  DSSUF, ¶ 8. Specifically, before signing the preliminary report, Dr. Shultz changed the sentence on page 2 of the preliminary document to "more accurately reflect then what happened during the procedure."  DSSUF, ¶ 9.  Page two of the final, signed, medical record reads as follows:  "Subsequent to the epidurogram, no evidence of CSF, and paresthesia improved.  Subsequent negative aspiration was done and 40

milligrams of Kenalog followed by 0.25 percent of Marcaine 1 cc was injected without difficulty."  DSSUF, ¶ 10.

Plaintiffs obtained leave of this Court to amend their Complaint to allege a claim of punitive damages based on the above alleged alteration of the medical record.  DSSUF, ¶ 11.  Plaintiffs' Amended Complaint seeking punitive damages for alleged malice or fraud is based upon entirely different conduct from that alleged at the MMLP or in the original Complaint.  DSSUF, ¶ 12.  In fact, the Second Amended Complaint seeks punitive damages based upon alleged conduct which occurred one or two weeks after the original care on November 10, 2004. DSSUF, ¶ 13.

With the exception of the draft, unsigned copy of Dr. Shultz's report found in referring physician, Dr. Copeland's, record, it appears no treating healthcare provider asked for or received Dr. Shultz's report of the visit at issue.   DSSUF, ¶ 14.  Dr. Copeland denies reading reports like Dr. Shultz's in very close detail because the information is usually not very pertinent and in all likelihood he already has the information.  DSSUF, ¶ 14.  There is no evidence of any treating healthcare provider relying on either Dr. Shultz's draft report or Dr. Shultz's signed, medical record from the November 10, 2004 encounter with Mrs. Fabrizius.  DSSUF, ¶ 15. In fact, even Plaintiffs' own expert, Patrick Faricy, M.D., testified that Dr. Shultz's

5

changes did not cause any injury to Denise Fabrizius.   DSSUF, ¶ 25.

IV.   Argument

    A. Plaintiffs cannot make the threshold showing that the alleged alteration of the medical record by Dr. Shultz caused damage to Mrs. Fabrizius.

The Montana Supreme Court has concluded that no plaintiff is entitled to exemplary damages as a matter of right, regardless of the situation or the sufficiency of the facts. *Davis v. Sheriff*, 234 Mont. 126, 133, 762 P.2d 221, 226 (1988). If a defendant establishes an absence of a genuine issue of material fact as to one of the elements constituting a cause of action summary judgment in defendant's favor on that cause of action is proper. *Maffei v. Northern Ins. Co. of New York*, 12 F.3d 892, 899 (9th Cir. 1993). Additionally, the Montana Supreme Court has affirmed judgment as a matter of law in favor of a defendant where the plaintiff failed to present sufficient evidence to establish a *prima facie* case of causation. *Riley v. American Honda*, 259 Mont. 128, 856 P.2d 196 (1993)(affirming a directed verdict).

The Montana Supreme Court discussed sufficiency of the evidence in punitive damages in *Laumann v. Lee*, 192 Mont. 84, 626 P.2d 830 (1981). In *Laumann*, the plaintiff was involved in a two-vehicle accident with defendant Wright. Witnesses reported seeing no headlights from the vehicle Wright drove. Defendant Lee was Wright's step-father and the owner of the vehicle Wright drove. Lee arrived on the scene of the accident and the investigating officer pointed out that

the vehicle headlight appeared to be obscured and dirty.  Lee immediately began wiping dirt off the headlight.  The officer stopped Lee after one swipe.  The officer then stepped away from the vehicle and Lee was seen wiping the headlights from behind his back.  Lee then left the scene with defendant Wright in another vehicle.  The officer was unable to test the illumination of the headlight.  *Laumann*, 192 Mont. at 87, 626 P.2d at 832.  The plaintiff sued Wright for negligence and sued Lee for punitive damages.  The jury found no negligence by Wright, but awarded $17,500.00 against Lee in punitive damages.  The jury found that Lee willfully violated the law and that the plaintiff suffered actual damages as a result of Lee's violation of the law.  "Based on these determinations, the jury made its award of exemplary damages."  *Id*. at 87-88, 626 P.2d at 832.

On appeal, the Montana Supreme Court noted that § 27-1-202, MCA, provides for an award of actual damages.  The Court further noted that § 27-1-221, MCA, regarding punitive damages, sets no requirement of an underlying tort or mental distress for their recovery.  Rather, "[a] plaintiff need only show actual damages pursuant to § 27-1-202, MCA."  *Id*. at 88, 626 P.2d at 833.

The Court further held that although the precise extent of the damages attributable to the destruction of physical evidence may have been elusive, the Court could not say that the plaintiff definitely was not damaged as a result of Lee's

wanton acts. In fact, there was an identifiable basis for actual damages from the plaintiff's deprivation of results of testing on the headlights. The Court held "the finding of actual damages is the primary requisite step toward any award of exemplary damages." *Id*. at 89, 626 P.2d at 833.

Section 27-1-221, MCA, allows an award of punitive damages when the defendant has been found guilty of actual fraud or actual malice. The statute sets forth the requirements for actual malice and actual fraud and provides:

> (2) A defendant is guilty of actual malice if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the plaintiff and:
>
> > (a) deliberately proceeds to act in conscious or intentional disregard of the high probability of injury to the plaintiff; or
> >
> > (b) deliberately proceeds to act with indifference to the high probability of injury to the plaintiff.
>
> (3) A defendant is guilty of actual fraud if the defendant:
>
> > (a) makes a representation with knowledge of its falsity; or
> >
> > (b) conceals a material fact with the purpose of depriving the plaintiff of property or legal rights or otherwise causing injury.
>
> (4) Actual fraud exists only when the plaintiff has a right to rely upon the representation of the defendant and suffers injury as a result of that reliance.

Section 27-1-221, MCA (2009).

In this case, to avoid summary judgment in favor of Dr. Shultz on the punitive claim based on actual malice, Fabrizius' need to make a threshold showing that Dr. Shultz knew of or intentionally disregarded "facts that create[d] a high probability of injury" to Mrs. Fabrizius.  Plaintiff also must show that despite this knowledge, Dr. Shultz "deliberately proceed[ed] to act in conscious or intentional disregard of the high probability of injury to [Mrs. Fabrizius] or "deliberately proceed[ed] to act with indifference to the high probability of injury to [Mrs. Fabrizius]." § 27-1-221(2), MCA (2009); *see State Medical Oxygen & Supply, Inc. v. American Medical Oxygen Co.*, 267 Mont. 340, 344, 883 P.2d 1241, 1243 (1994).

Likewise, to avoid summary judgment on a claim for punitive damages based on actual fraud, Plaintiffs must make a threshold showing that "[Dr. Shultz ma[de] a representation with knowledge of its falsity" or that he "conceal[ed] a material fact with the purpose of . . . causing injury" to Mrs. Fabrizius." § 27-1-221(3), MCA (2009).  Finally, "[a]ctual fraud exists only when the plaintiff has a right to rely upon the representation of the defendant and suffers injury as a result of that reliance." § 27-1-221(4), MCA (2009).

In this instance, Dr. Shultz reviewed the draft transcription of his dictation and corrected the preliminary report to "more accurately reflect then what happened

9

during the procedure." DSSUF, ¶ 9. Dr. Shultz made the changes to the preliminary report before he signed it and it became an official, medical record of the November 10, 2004 procedure. DSSUF, ¶ 8. Additionally, with the sole exception of the draft, unsigned copy of Dr. Shultz's report found in the medical chart of the referring physician, Dr. Copeland, it appears no treating, healthcare provider asked for or received Dr. Shultz's report of the visit at issue. DSSUF, ¶ 14. Referring physician, Dr. Copeland, denies reading reports like Dr. Shultz's in very close detail because the information is usually not very pertinent and, in all likelihood, he already has the information. DSSUF, ¶ 14. In fact, there is no evidence that any treating healthcare provider relied on either Dr. Shultz's draft report or Dr. Shultz's signed medical record from the November 10, 2004, encounter with Mrs. Fabrizius. DSSUF, ¶ 15.

A look at the signed medical record with the handwritten corrections by Dr. Shultz reveals that a healthcare provider can see and read both the typed, unsigned, preliminary report and the handwritten changes or corrections made by Dr. Shultz before he signed it and it became the final, medical record of the procedure. Notably, even Plaintiffs' expert, Patrick Faricy, M.D., testified that Dr. Shultz's changes in the preliminary report did not cause any injury to Denise Fabrizius. DSSUF, ¶ 16.

Plaintiffs fail to make a threshold showing that the preliminary draft or the final medical record at issue caused or contributed to any injury or damages to Mrs. Fabrizius. As such, Dr. Shultz is entitled to summary judgment on the punitive claim.

> B. Plaintiffs' punitive damage claim does not relate back to the filing of the original complaint and is barred by the statute of limitations.

If this Court does not dismiss Plaintiffs' claim for punitive damages based on the failure to meet the threshold showing on causation, this Court should dismiss the claim because it is barred by the statute of limitations. The allegation in Plaintiffs' Second Amended Complaint states that Dr. Shultz altered or changed Denise Fabrizius' medical records and that such alleged conduct "amounts to actual malice and fraud as defined in § 27-1-221, MCA." DSSUF, ¶ 11-13. The only evidence as to when the preliminary report was corrected came from Dr. Shultz who stated that he typically reviews and finalizes the dictation one to two weeks after he dictates the note. DSSUF, ¶ 8. He dictated this note on the day of the procedure, November 11, 2004. DSSUF, ¶ 8.

The testimony reveals that the record had been finalized and corrected or changed by November 24, 2004. The claim of medical malpractice filed before the Montana Medical Legal Panel [MMLP] on November 6, 2007, was based solely on the date of November 10, 2004. It was received on November 6, 2007. DSSUF, ¶

11

4.  The Panel rendered a Decision on February 19, 2008.  DSSUF, ¶ 5.  The statute of limitations is tolled upon receipt of the MMLP Application until thirty days after the decision, § 27-6-702, MCA (2009).  As such, Plaintiffs timely filed the original Complaint on March 18, 2008, five days before the statute of limitations based on the November 10, 2004, medical care expired.  DSSUF, ¶ 5.

A new claim relates back to the original complaint if it arises out of the same conduct, transaction, or occurrence as the claims in the original complaint.  *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993) (citing Fed.R.Civ.P. 15(c)).  The "critical issue" is whether the original complaint gave notice to the defendant of the claim now being asserted.  *Id.*  "When new or distinct conduct, transactions, or occurrences are alleged as grounds for recovery, there is no relation back and recovery under the amended complaint is barred by limitations if it was untimely filed."  *Id.* (citing *Holmes v. Greyhound Lines, Inc.,* 757 F.2d 1563, 1566 (5th Cir. 1985)).

Here, Plaintiffs' claim for punitive damages is not based on the same conduct, transaction, or occurrence as the negligence claims arising from the November 10, 2004 procedure.  Instead, the punitive claim is based on new, distinct conduct involving the medical record.  The conduct alleged to allow punitive damages in this case occurred one to two weeks after the November 10, 2004 conduct at issue in

12

the original Complaint. DSSUF, ¶ 8. Additionally, the new claim involving the medical record requires Plaintiffs to prove completely different facts than those alleged at the MMLP or in the original Complaint. As such, neither the MMLP claim nor the original Complaint made reference to a single fact that put Dr. Shultz on notice that these new claims based on his record review might be asserted. Finally, even when Plaintiffs' counsel took Dr. Shultz's deposition, Dr. Shultz received absolutely no notice of the record alteration claim.

Because the alteration of record claim is distinct from the original medical negligence claim and because the claim was neither made nor mentioned until very recently, the new claim should not relate back to the original Complaint. Additionally, for the reasons set forth above, Plaintiffs should not be allowed to benefit from the tolling provisions of the MMLP. As such, Plaintiffs' claims for punitive damages based on alteration of the record should be dismissed based on the expiration of the statute of limitations.

> C. Plaintiffs' claim of an alteration or change in the medical records should be dismissed because Plaintiffs failed to present the claim to the Montana Medical Legal Panel.

If this Court concludes that the claim of alteration of the record relates back to the original claim of medical negligence, then the claim of actual malice or fraud based on an alleged alteration of the record is a medical malpractice claim as defined

by the MMLP Act . Montana adopted the Medical Legal Panel Act to "prevent where possible the filing in court of actions against health care providers and their employees for professional liability in situations where the facts do not permit at least a reasonable inference of malpractice." § 27-6-102, MCA (2009). Claimants must submit any claims to the Montana Medical Legal Panel [MMLP] prior to filing a complaint in any court sitting in Montana. § 27-6-301, MCA (2009). "No malpractice claim may be filed in any court against a health care provider before an application is made to the panel and its decision is rendered." § 27-6-701, MCA (2009). Malpractice claim is defined as follows:

> A claim or potential claim . . . against a health care provider for medical or dental treatment, lack of medical or dental treatment or other alleged departure from accepted standards of health care that proximately results in damage to the claimant, whether the claimant's claim or potential claim sounds in tort or contract, and includes but is not limited to allegations of battery or wrongful death.

§ 27-6-103(5), MCA (2009). Malpractice claims as defined by the MMLP Act include intentional conduct such as those constituting a battery. It follows that intentional conduct which constitutes actual malice or fraud pursuant to the punitive damage statute must also be heard before the MMLP prior to being brought before courts in Montana.

Plaintiffs have failed to submit their new claim of alteration of a medical record to the MMLP as required by §§ 27-6-301 and 27-6-701, MCA (2009). As

14

such, Plaintiffs' medical malpractice claim based on the alleged alteration of a record should be dismissed without prejudice for failure to first bring the claim before the MMLP.

> C. Plaintiffs' third cause of action pertaining to the doctrine of res ipsa loquitur should be dismissed.

Plaintiffs' third cause of action asserts the doctrine of res ipsa loquitur. DSSUF, ¶ 11. Plaintiffs may not rely on the doctrine of res ipsa loquitur to establish their claims of medical malpractice in this case because in Montana's medical malpractice arena, res ipsa loquitur applies only to cases where foreign objects are left in a patient's body. *Rudeck v. Wright* (1985), 218 Mont. 41, 709 P.2d 621.

In *Rudeck*, the physician placed a lap mat in a patient's exposed abdominal cavity during surgery and the mat was not removed before the incision was closed. *Rudeck*, 218 Mont. at 44, 709 P.2d at 623. The issue in *Rudeck* was whether the physician was negligent as a matter of law in leaving a foreign object inside his patient during surgery. *Rudeck*, 218 Mont. at 47, 709 P.2d at 625. In determining this issue, the Court considered whether to adopt the negligence per se rule that "the failure of a surgeon to remove a foreign object (sponge, needle, clamp, scissors) is negligence per se." *Rudeck*, 218 Mont. at 47, 709 P.2d at 625. Each of the authorities regarding this rule discussed by the Court involved a foreign object being left inside a patient. *Rudeck*, 218 Mont. at 48-49, 709 P.2d at 625-26.

In *Rudeck*, the court adopted the negligence per se rule, explaining: "If a foreign object is mistakenly left in the patient's body, it seems to us that it takes no expert medical testimony to establish that the surgeon was negligent." *Rudeck*, 218 Mont. at 49-50, 709 P.2d 626. The Court sought to prevent the surgeon from avoiding liability by pointing his finger at other negligent parties, such as the surgical nurses who failed to correctly count the sponges and the radiologist who subsequently failed to detect the sponge on X-rays. *Rudeck*, 218 Mont. at 50, 709 P.2d at 626.

The present case is distinguishable from *Rudeck*. While Dr. Shultz did give Mrs. Fabrizius a cervical epidural injection, he did not leave a foreign object inside Plaintiff's body during surgery. Injecting a patient with a drug for pain relief is different from leaving an object such as a sponge inside a patient's body. As such, Plaintiffs' third cause of action claiming res ipsa loquitur should be dismissed summarily.

V. Conclusion

For the reasons explained herein Plaintiffs claims for punitive damages and for liability based on res ipsa loquitur against Dr. Shultz should be dismissed with prejudice. Plaintiffs can present no material issues of fact showing Dr. Shultz's alleged punitive conduct caused damage to Plaintiffs. Additionally and,

alternatively, Plaintiffs punitive damages claims involving alteration of the record should not relate back to the professional negligence claims and should be dismissed as time-barred by the applicable statute of limitations. If this court concludes the punitive claims relate back to the original malpractice claim brought before the MMLP, then Plaintiffs' claims must be dismissed without prejudice and Plaintiffs must bring the claim before the MMLP. Finally, Plaintiffs' cause of action based on res ipsa loquitur should be dismissed because no foreign body was negligently left in Mrs. Fabrizius' body. Therefore, Defendant, Keith Shultz, M.D., is entitled to summary judgment on the punitive damages claims and the claim based on res ipsa loquitur. The two causes of action should be dismissed with prejudice.

DATED this 3rd day of November, 2009.

By: /s/ Lisa A. Speare
Lisa A. Speare
BROWN LAW FIRM, P.C.
*Attorneys for Defendant Keith R. Shultz, M.D.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(d)(2) of the Local Rules of the U.S. District Court for the District of Montana, I certify that this brief is printed with a proportionately spaced Times New Roman text typeface of 14 points; is double spaced; and the word count calculated by Microsoft Word is 3,675 words, excluding Caption, Certificate of Service and Certificate of Compliance.

DATED this 3rd day of November, 2009.

By:  /s/ Lisa A. Speare  
      Lisa A. Speare  
      BROWN LAW FIRM, P.C.  
      *Attorneys for Defendant Keith R. Shultz, M.D.*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 3, 2009, a copy of the foregoing DEFENDANT KEITH R. SHULTZ, M.D.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT was served on the following persons by the following means:

| | | | |
|---|---|---|---|
| 1, 2, 3, 4 | CM/ECF | _____ | Fax |
| _____ | Hand Delivery | _____ | E-Mail |
| 5_____ | Mail | _____ | Overnight Delivery Services |

1. **Clerk, U.S. District Court**

2. **David Paoli**
   Paoli, Latino, Kutzman & Jasper
   257 West Front Street
   P. O. Box 8131
   Missoula, MT 59802

3. **Stephen Ochs, M.D., J.D.**
   805 South Reserve Street
   Missoula, MT 59804

4. **Richard E. Gillespie**
   50 S. Last Chance Gulch, 3rd Floor
   P.O. Box 598
   Helena, MT 59624

5. **Colin M. Simpson**
   Simpson, Kepler & Edwards, LLC
   P.O. Box 490
   Cody, WY 82414

By: /s/ Lisa A. Speare
Lisa A. Speare
BROWN LAW FIRM, P.C.
*Attorneys for Defendant Keith R. Shultz, M.D.*