David R. Paoli
**PAOLI, LATINO & KUTZMAN, P.C.**
257 West Front Street
P.O. Box 8131
Missoula, MT 59802

Stephen D. Ochs, M.D., J.D.
805 South Reserve St.
Missoula, MT 59804

*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA, BILLINGS DIVISION

| | |
|---|---|
| DENICE D. FABRIZIUS and WILLIAM FABRIZIUS, | Cause No.: 08-114-BLG-RFC<br>Honorable Richard F. Cebull |
| Plaintiffs, | |
| vs. | |
| KEITH R. SHULTZ, M.D., | **PLAINTIFFS' MOTION TO COMPEL AND MEMORANDUM IN SUPPORT** |
| Defendants. | |

## MOTION

COMES NOW the Plaintiffs, Denice and Bill Fabrizius, by and through counsel of record and hereby moves the Court's for its order compelling Dr. Keith Shultz to produce documents requested in discovery. Counsel for Dr. Shultz has been contacted and does not object to the filing of this motion, but does object to producing the records previously requested.

## **MEMORANDUM**

Plaintiffs previously propounded discovery requests on Dr. Shultz requesting that he produce his expert's notes made during this case and their invoices for payments:

REQUEST FOR PRODUCTION NO. 39: Please produce all billing statements and/or reports including, but not limited to, all notes and correspondence regarding the billing for everyone of your experts.

REQUEST FOR PRODUCTION NO. 22: Please produce all handwritten notes in the experts file whether made on paper or computer in addition to all marked up or written on documents/medical records that have been provided by counsel to their experts.

Counsel for the respective parties have discussed this issue on several different occasions, have exchanged letters and e-mails and as a result of those discussions counsel for Dr. Shultz produced the handwritten notes and invoices for his expert Dr. Rowbotham, but continues to refuse to produce the same information (expert handwritten notes and expert invoices) for his two other experts, Dr. Henry and Dr. Eisendrath.

Counsel for Dr. Shultz has confirmed that both Dr. Eisendrath and Dr. Henry possess handwritten notes made during their review and consideration of the records and documents in this case and development of their opinions. Of course, these experts also have invoices that they

have submitted to Dr. Shultz for payment. Plaintiffs merely seek the production of these documents.

The discoverability of these documents and the legitimacy of these requests is shown by the fact that Dr. Shultz produced these very documents for one of his three experts in this case. Counsel for Dr. Shultz has objected to producing the notes prepared by Dr. Henry and Dr. Eisendrath because neither of those experts testified in their deposition that they relied on those notes in preparing their expert report. The question was simply not asked of them. Dr. Shultz's objection begs the question. There is no question that the notes were prepared incident to reviewing documents and analyzing the case in order to prepare opinions for an expert report. Accordingly, because these experts prepared these notes as part of their expert witness work, by direct implication they have relied on them; these experts would not have made the notes in the first instance if the points weren't important. Furthermore, these notes are discoverable because they are a part of these experts' files in this case. As such, they are subject to discovery and potential cross-examination by Plaintiff's counsel.

Dr. Shultz seems to argue that the notes are not discoverable because they are not required to be produced or made a part of the experts

written report as required by Rule 26(a)(2)(B), Fed. R. Civ. P.  However,

the rule requiring an expert's written report and detailing what must be

included in that report is not an exhaustive list of that which is discoverable

regarding an expert's work in a particular case. Court's have consistently

ruled that a discovering party is entitled to obtain draft reports and notes

made by the expert. *Trigon Ins. Co. v. U.S.*, 204 F.R.D. 277, 282-283

(E.D.Va.2001); *Krisa v. Equitable Life Assur. Soc'y*, 196 F.R.D. 254, 257

(M.D.Pa.200). Expert notes are discoverable and they should be produced

here.

Next, Dr. Shultz has not explained his objection to producing Dr.

Henry and Dr. Eisendrath's invoices. He merely has refused to produce

them. Plaintiffs are entitled to obtain copies of these experts invoices for

the purposes, at the very least, to show bias. How much these experts

have billed, is legitimate inquiry of an expert. In *Peschel v. City of Missoula,*

*9:08-CV-79*, Judge Lynch agreed that payments to an expert provides a

financial incentive to testify and thus it is a legitimate inquiry in discovery of

the payments made to an expert to explore bias. Ex. A, Judge Lynch

10/15/09 Text Order.  In *Amster v. River Capital International Group, LLC,*

2002 WL 2031614 (S.D. N. Y.) the court granted defendant's motion to

compel production of plaintiff's experts invoices and compensation. The

court recognized the propriety of requiring an experts invoices to be produced in discovery. Here, Dr. Shultz has no legitimate objection to producing Dr. Henry and Dr. Eisendrath's invoices given he already produces Dr. Rowbotham's invoices.

Dr. Shultz previously produced Dr. Rowbotham's handwritten notes and invoices. So, too, should he be ordered to produce the same for Dr. Henry and Dr. Eisendrath.

Respectfully submitted this 1st day of February, 2010.

PAOLI, LATINO & KUTZMAN, P.C.
ATTORNEYS FOR PLAINTIFFS

By:  /s/ David R. Paoli
David R. Paoli
257 West Front Street, Suite A
P.O. Box 8131
Missoula, Montana 59802

I herby certify that, on February 1st, 2010, a copy of the foregoing document was served on the following persons by the following means:

 1-2   CM/ECF
_____ Hand Delivery
_____ Mail
_____ Overnight Delivery Service
_____ Fax
_____ E-Mail


   1. Clerk of Court

   2. John J. Russell
     BROWN LAW FIRM, P.C.
     315 North 24 Street th
     Billings, MT 59103-0849
     Telephone (406) 248-2611
     Facsimile (406) 248-3128